[No. 21063.  Department One.  June 13, 1928]

F. W. Gregory, *as Receiver, Appellant,* v. Security Bank and Trust Company, *Respondent.*[1]

[1] Banks and Banking (31)—Relation Between Bank and Depositor for Collection. A bank taking checks conditionally, and charging the same back to the drawee on dishonor, does not become a creditor of the drawer.

[2] Bills and Notes (64-1)—Bona Fide Purchasers—Good Faith. A bank taking a lumber company's bills of lading from a third person, in due course, in good faith, is not accountable to the company for the proceeds.

[3] Receivers (74)—Right of Action by Receivers—Excess Proceeds of Collateral. A bank, having realized upon security for advances made to an insolvent, is liable to the receiver for the excess over the amount of the advances and interest.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered November 14, 1927, upon findings in favor of the defendant, in an action by a receiver to recover assets of an insolvent corporation, tried to the court. Affirmed in part and reversed in part.

*H. G. & Dix H. Rowland* and *Wayne W. Keyes,* for appellant.

*Bigelow & Manier,* for respondent.

Parker, J.—The plaintiff, as receiver of the Fir Tree Lumber Company, seeks recovery from the defendant bank in the amount of the proceeds of certain lumber invoices and bills of lading which, he claims, were assigned by the lumber company, while insolvent, under such circumstances as to unlawfully make the defendant bank a preferred creditor of the lumber company. Trial in the superior court for Thurston county, sitting

[1]Reported in 267 Pac. 1058.

without a jury, resulted in findings and judgment denying to the plaintiff any recovery, from which he has appealed to this court.

In December, 1926, and for some time prior thereto, George Martin was engaged in logging operations and was a customer and depositor of respondent bank. On December 13, 1926, the lumber company gave to Martin its check for $500, drawn upon the National Bank of Tacoma, and on December 16, 1926, the lumber company gave to Martin its check for $1,000, drawn upon the National Bank of Tacoma. On these dates, respectively, Martin deposited these checks with respondent bank, receiving credit therefor upon his deposit account therein, with the understanding with reference to each check that, if it should not be paid by the Tacoma bank upon due presentation, it should be charged back to him by respondent upon his deposit account. Upon timely presentation of these checks to the Tacoma bank, payment of both of them was refused by that bank for want of sufficient funds therein to the credit of the lumber company. Promptly thereafter the checks were, by respondent bank, both charged back to Martin, he being promptly so advised.

About that time, evidently after the refusal of the Tacoma bank to pay the $500 check, but before its refusal to pay the $1,000 check, respondent made demand upon Martin for security for its protection in the payment of certain checks which had been issued against his deposit account, and for the payment of further checks which he was issuing, or about to issue, against his deposit account. Thereupon Martin obtained, by assignment from the lumber company, invoices and bills of lading for three cars of lumber shipped by the lumber company, which he assigned to respondent, manifestly in compliance with respondent's demand. Soon thereafter respondent collected

upon these invoices and bills of lading an aggregate of $1,541, and credited the same to the deposit account of Martin.

On December 22, 1926, appellant was, by the superior court, appointed receiver for the lumber company, taking over its business and affairs because of its insolvency. The lumber company had been insolvent since prior to the assignment of the invoices and bills of lading, above mentioned, to Martin, and in turn to respondent; but such insolvency was unknown to respondent until after so receiving those invoices and bills of lading.

[1, 2] Counsel for appellant proceed, in their contentions here made, upon the theory that respondent, by the transactions we have above summarized, became a creditor of the insolvent lumber company; arguing, as we understand them, that respondent received the invoices and bills of lading from the lumber company, while insolvent, in payment of, or as security for, the $500 and $1,000 checks which had been issued by the lumber company to Martin, and in turn deposited by him with respondent. But we are convinced from the evidence, as the trial court manifestly was, that respondent did not so become a creditor of the lumber company, because respondent received the $500 and $1,000 checks from Martin only conditionally that they would be paid upon presentation to the Tacoma bank. We are further convinced, as the trial court manifestly was, that respondent did not receive the invoices and bills of lading directly from the lumber company or in pursuance of any transaction between it and the lumber company, but received them in due course from Martin in good faith, believing, as it had a right to believe, that they were his property. So we conclude, as the trial court did, that respondent never became a creditor of the insolvent lumber company by virtue of re-

ceiving its $500 and $1,000 checks from Martin, though respondent might have elected so to become a creditor of the lumber company; and that respondent did not receive the invoices and bills of lading from the lumber company so as to render it accountable to the lumber company for the proceeds thereof. The judgment is affirmed in so far as it denies recovery to appellant for any of the proceeds of the invoices and bills of lading above mentioned.

[3]  Another minor branch of the case calls for some further observations. On December 17, 1926, and December 20, 1926, the lumber company executed and delivered to respondent its two promissory notes, payable on demand, in the principal sums of $345 and $290, respectively; which sums were thereupon advanced by respondent to the lumber company. To secure the payment of these notes, the lumber company assigned to respondent invoices and bills of lading for two cars of lumber being shipped by the lumber company, upon which invoices and bills of lading respondent soon thereafter collected the sum of $58.65 in excess of the amounts due upon these notes, for which it has not accounted to the lumber company or appellant, its receiver. For this sum, we are of the opinion that appellant is entitled to have judgment rendered against respondent, and that the trial court was in error in refusing to award recovery against respondent to that extent. This claim and award is, in substance, a cause of action separate from the main branch of the case above discussed by us, though not separately pleaded. It is an award appellant is entitled to, not upon the theory that respondent has had a preference as a creditor of the lumber company to the extent of $58.65, but upon the theory that it is accountable therefor to appellant as receiver for the lumber company, as an excess remaining in its hands after applying the proceeds

of the two invoices and bills of lading received from the lumber to the payment of the two notes. To this extent, the judgment of the trial court is reversed, and the cause remanded to that court with directions to enter a judgment in favor of appellant and against respondent for $58.65, with lawful interest from May 18, 1927, the date of the commencement of this action in the superior court. Neither party will recover costs as against the other, incurred in this court.

FULLERTON, C. J., TOLMAN, ASKREN, and MITCHELL, JJ., concur.